**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-00531-CJC(SHx)                            Date: February 26, 2008

Title: <u>SAMI YONAN v. TURNPIKE LODGES, et al.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                          <u>    N/A    </u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** [filed 01/17/08]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for March 3, 2008 at 1:30 p.m. is hereby vacated and off calendar.

Mr. Yonan, an allegedly disabled individual who requires the use of a wheelchair, avers that he was discriminated against as a result of disabled access barriers which existed at Defendants' Ramada Limited Inn in Santa Barbara, California. Mr. Yonan asserts that at the time he stayed at the Ramada Inn, it lacked accessible lodging and parking for disabled people. On December 26, 2006, Plaintiff Sami Yonan filed a Complaint against Defendant Turnpike Lodges and others ("Turnpike") alleging violations of the Americans with Disabilities Act (the "ADA"), the Unruh Civil Rights Act, the California Disabled Persons Act, and negligence. The Complaint seeks damages and injunctive relief. Mr. Yonan now brings a motion partial summary judgment on the issue of liability, leaving only the issue of damages left for trial. Because it appears that Mr. Yonan's ADA claim is moot, his motion is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00531-CJC(SHx)                                                         Date: February 26, 2008
                                                                                                                    Page 2

**Standard on Motion for Summary Judgment**

Summary judgment is proper if the evidence before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating that there are no genuine material issues, and that it is entitled to judgment as a matter of law. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

**Analysis**

The only remedies available to a private plaintiff under the ADA are injunctive relief and attorneys' fees. *See* 42 U.S.C. § 12188(a)(1). However, the Unruh Civil Rights Act permits a private plaintiff to seek damages and creates a cause of action for violations of the ADA through section 51 of the Act, which provides that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section. Cal. Civ. Code. § 51(f). In his Complaint, Mr. Yonan sought injunctive relief in the form of lodging and parking that is accessible to disabled people. (Complaint, ¶¶ 10, 12.) In his motion for partial summary judgment, Mr. Yonan clarifies that he is seeking the following injunctive relief at the Ramada Inn: (1) a greater number of wheelchair accessible rooms; (2) accessible rooms with a doorway width of 32 inches; (3) accessible toilets with grab bars mounted on the walls adjacent to the toilet; (4) accessible rooms with showers that are either roll-in showers or which have a mounted seat and grab bars.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00531-CJC(SHx)                                  Date: February 26, 2008
                                                                                              Page 3

      Turnpike asserts that Mr. Yonan's ADA claim is moot because Turnpike engaged in extensive renovations and repairs of the property pursuant to a consent decree on a previous case (the "Remediation").  Turnpike argues that, as a result of the Remediation, the Ramada Inn is currently in compliance with the ADA.  Because the ADA claim is moot, the argument continues, this Court lacks original jurisdiction over the ADA claim as well as supplemental jurisdiction over the state claims and this Court should dismiss Mr. Yonan's Complaint entirely.  Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*.  *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989).  "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citations omitted).  "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available.  The question is whether there can be any effective relief."  *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000).  A case does not become moot merely because a defendant voluntarily ceases engaging in the challenged conduct, as there remains a risk that the defendant will merely resume the challenged conduct after the case is dismissed.  *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000).  As the party asserting mootness, Turnpike bears "the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur."  *Id.* at 189-190.  Part or all of a case may become moot if (1) "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur," *United States v. Concentrated Phosphate Export Ass'n.*, 393 U.S. 199, 203-04 (1968), and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985).

      Here, Mr. Yonan concedes that "the Remediation Turnpike is probably satisfactory" and thus he implicitly acknowledges that his ADA claim is likely moot. (Plaintiff's Reply Brief, p. 5.)  Yet Mr. Yonan correctly points out that Turnpike has not yet provided sufficient evidence to meet its heavy burden of demonstrating mootness.  In support of its argument that the Remediation addressed Mr. Yonan's identified barriers, Turnpike submits the declaration of Rick Spann, a licensed general contractor who performed the Remediation.  Mr. Spann asserts that "I remediated and repaired the following conditions identified by Plaintiff in this Motion: the Lack of sufficient number of accessible guest rooms; the lack of sufficient number of roll-in showers; the lack of a 32" clear width accessible doorways; and the lack of compliant accessible toilet wall-

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-00531-CJC(SHx)                              Date: February 26, 2008
                                                                                              Page 4

---

mounted grab bars." (Spann Decl., ¶ 6.) Mr. Spann provides a list of the specific locations where the remediation took place and concludes "all of the disabled access barriers identified therein have been fully remediated and eliminated." (Spann Decl., ¶ 7.) Turnpike has also submitted the declaration of Thomas Patton, the General Manager of the Ramada Inn, who asserts that he modified the hotel policies so that they now state "the Facility shall provide ISA signage or information in the accessible guestrooms indicating the availability of free ice and vending retrieval service to disabled patrons." (Patton Decl., ¶ 2.) The Court finds that the declarations of Mr. Spann and Mr. Patton are too conclusory to permit a finding that all of the access barriers described by Mr. Yonan have been removed such that the challenged conduct cannot reasonably be expected to recur. *Friends of the Earth*, 528 U.S. at 189-190. Mr. Spann states that he has "remediated and repaired" all of the barriers, but he does not explain how he did so or provide demonstrative, conclusive evidence that the barriers have been fully removed and addressed. Mr. Spann does not state, for example, "I installed four wheelchair accessible restrooms that have a turning radius of 60 inches and a door entrance way of 32 inches clear." Mr. Patton's declaration states only that he changed the policy regarding signage, but not that he has already installed the required signs in the accessible guestrooms.

   Although it appears likely that Mr. Yonan's ADA claim has been mooted by the Remediation, the Court cannot yet make this finding as a matter of law, based on the current record. The Court must decide the mootness issue before it can properly determine whether it should exercise its discretion to maintain supplemental jurisdiction over Mr. Yonan's state claims or remand the claims to state court. Because the Court cannot yet rule on the issues of mootness and supplementary jurisdiction, it cannot find that there are no genuine issues of fact as to Turnpike's liability. Accordingly, Mr. Yonan's motion is DENIED. Defendants are instructed to file a proper motion to address the issue of mootness, responding to the concerns the Court has articulated in this order.

rls